Filed:  September 11, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————

No. 96-4169
(CR-95-84)

———————

United States of America,

Plaintiff - Appellee,

versus

Lloyd Lenwood Walker,

Defendant - Appellant.

———————

O R D E R

———————

The Court amends its opinion filed August 14, 1997, as follows:

On page 5, first paragraph, line 2 -- the citation is corrected to begin "United States v. Hayden."

For the Court - By Direction

/s/ Patricia S. Connor
———————
Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4169

LLOYD LENWOOD WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Samuel G. Wilson, Chief District Judge.
(CR-95-84)

Submitted: February 11, 1997

Decided: August 14, 1997

Before HALL and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph Abraham Sanzone, JOSEPH A. SANZONE ASSOCIATES,
Lynchburg, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Thomas L. Eckert, Assistant United States Attorney,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lloyd L. Walker appeals from his conviction of distribution of crack cocaine, 21 U.S.C. § 841(a)(1) (1994), for which he received a 151-month prison sentence. Walker claims, first, that his unwarned statements to the police were the result of a custodial interrogation in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and, therefore, should have been suppressed. Walker also claims that the 100-to-1 sentencing ratio for crack cocaine as compared to cocaine powder adversely affects blacks in violation of due process and equal protection. We affirm.

On April 26, 1995, Officer William Dance of the Lynchburg, Virginia, police department directed a controlled purchase of crack cocaine from Walker at his residence in Lynchburg. After the informant returned from purchasing the cocaine, Dance applied for a search warrant for Walker's residence while Officer Thomas was directed to proceed to Walker's house and keep him under surveillance until officers arrived with the search warrant. When Thomas observed Walker leaving his residence with another person, Thomas was ordered to follow Walker and to stop his car when he was joined by a backup unit. Walker was intercepted in the parking lot of a convenience store. The passenger, upon seeing the police approaching, opened the door and dropped a small bag of cocaine on the ground.

The officers searched Walker's car in the parking lot but found no weapons or drugs. Walker's car was taken for an inventory search and Walker, handcuffed, was taken by Commander Cyrus back to his residence. Dance had arrived a few moments earlier with a search warrant.

Once inside the residence, Dance asked Walker, "The cocaine is in the bottom drawer upstairs in the safe, isn't it?" to which Walker

responded, "Yes." After other agents went upstairs to find the cocaine, Walker turned to Dance and said that the cocaine belonged to him and that his girlfriend (who was at the residence at the time the search was taking place) "had nothing to do with it." According to Dance, Walker made this statement approximately 20 to 30 seconds after Dance had asked him about the location of the cocaine. Dance and the other officers eventually retrieved the cocaine from a locked chest of drawers in an upstairs bedroom, using a key found on a key ring in Walker's car. Dance then asked Walker "where the weapon was." Walker first said it was "downstairs" and then told Dance that it was behind a television in the room in which they were standing. Dance retrieved the gun and removed the clip. As Dance was speaking to another officer, Walker said that the firearm was registered in his name. It is undisputed that, up to this point, no one had read Walker his Miranda rights.

Walker filed a motion to suppress his statements made to Dance about the location of the cocaine and the weapon and to suppress the key seized from his car. After a hearing on the motion, the district court granted the motion to suppress the unwarned statements concerning the locations of the gun and the cocaine. The court also suppressed the key because it was not relevant evidence. However, the district court denied the motion with respect to Walker's statement that the gun was registered to him and other statements that were not in response to questions, on the grounds that they were volunteered and, therefore, not fruit of the Miranda violation.

Walker elected to be tried by the court and was found guilty of (1) distribution of crack cocaine and (2) using or carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c) (1994). However, the district court subsequently vacated Walker's § 924(c) conviction in light of Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448/7492). Walker noted a timely appeal.

The district court's legal conclusion regarding the motion to suppress is reviewed de novo, and its findings of fact are reviewed for clear error. United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891); United States v. Williams, 10 F.3d 1070, 1077 (4th Cir. 1993).

3

Walker's statement regarding ownership of the cocaine was properly admitted by the district court. It is well settled that spontaneous or volunteered statements are not barred under <u>Miranda</u>. "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." <u>Miranda v. Arizona</u>, 384 U.S. at 478. A statement that is unsolicited or unresponsive to an earlier question is deemed voluntary and, therefore, admissible. <u>See, e.g.</u>, <u>United States v. Wright</u>, 991 F.2d 1182, 1186-87 (4th Cir. 1993); <u>United States v. Cordova</u>, 990 F.2d 1035, 1037-38 (8th Cir. 1993); <u>Anderson v. Thieret</u>, 903 F.2d 526, 532 (7th Cir. 1990) (lapse of time and nonresponsive nature of defendant's statement "removes any possibility that [defendant] was responding to police interrogation"); <u>United States v. Suggs</u>, 755 F.2d 1538, 1542 (11th Cir. 1985) (voluntary comments unresponsive to police questioning are admissible even after <u>Miranda</u> rights are asserted).

Walker's statement regarding ownership of the drugs was volunteered--Dance had already asked the question concerning the location of the drugs and had turned away from Walker without asking any more questions. In any event, any error in the admission of this statement was harmless because the other evidence presented by the government was sufficient to convict him. <u>See United States v. Mobley</u>, 40 F.3d 688, 694 (4th Cir. 1994) (statement obtained in violation of <u>Miranda</u> was harmless error where other evidence at trial clearly established guilt), <u>cert. denied</u>, ___ U.S. ___, 63 U.S.L.W. 3832 (U.S. May 22, 1995) (No. 94-8158); <u>United States v. Khan</u>, 993 F.2d 1368, 1376 (9th Cir. 1993) (same).

This court has held that the higher guideline range applicable to crack cocaine, as compared to powder cocaine, does not violate equal protection or the due process clause. <u>United States v. Fisher</u>, 58 F.3d 96, 98-100 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). <u>See also United States v. Jackson</u>, 84 F.3d 1154 (9th Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3353 (U.S. Nov. 12. 1996) (No. 96-6320); <u>United States v. Steen</u>, 55 F.3d 1022, 1029 n.15 (5th Cir. 1995), <u>cert. denied</u>, ___ U.S. ___, 64 U.S.L.W. 3397 (U.S. Dec. 4, 1995) (No. 95-6564); <u>United States v. Shorter</u>, 54 F.3d 1248, 1253 n.11 (7th Cir. 1995), <u>cert. denied</u>, ___ U.S. ___, 64 U.S.L.W. 3247 (U.S. Oct. 2, 1995) (No. 95-5456). Moreover, Congress has recently rejected the Sentencing Com-

4

mission's recommendation to lower the ratio between crack cocaine and powder cocaine. <u>See United States v. Hayden</u>, 85 F.3d 153, 157-58 (4th Cir. 1996).

Accordingly, we affirm Walker's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5